# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:13-cv-00010-MR
# [CRIMINAL CASE NO. 2:06-cr-00002-MR-1]

| | |
|---|---|
| LEONARD O'BRIEN PARKER, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1], as amended [Doc. 2], and on Petitioner's Motion to Consider the Government's Failure to Oppose the Petitioner as an Admission of Error and to Grant the Relief Requested [Doc. 4]. For the reasons that follow, the Court finds that the petition must be dismissed as untimely.

## PROCEDURAL HISTORY

On February 21, 2007, Petitioner was found guilty after a jury trial of kidnaping in the commission of a bank robbery, in violation of 18 U.S.C. § 2113(e) (2000); possession of a firearm in furtherance of a crime of

violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000). [Criminal Case No. 2:06-cr-002, Doc. 88: Jury Verdict].

Judgment was entered on September 13, 2007, and Petitioner was sentenced to a total of 552 months' imprisonment. [Id., Doc. 102: Judgment]. Petitioner appealed and on July 28, 2008, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction. The Fourth Circuit Court of Appeals mandate issued on September 29, 2008. [Id.]. Petitioner filed a petition for certiorari with the U.S. Supreme Court, which petition was denied on January 21, 2009. Parker v. United States, 555 U.S. 1147, 129 S.Ct. 1022, 173 L.Ed.2d 310 (2009).

Petitioner placed the instant petition in the prison mailing system on February 7, 2013, and it was stamp-filed in this Court on February 19, 2013. [Doc. 1]. In his sole claim in the § 2255 petition, Petitioner contends that his Sixth Amendment right to trial counsel was violated because his waiver of his right to trial counsel was not made voluntarily or knowingly. [Id. at 4].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions

2

to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States.[1]  Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Rule 4(b) provides that the Government should be required to respond to a motion to vacate only in the event that such motion is not dismissed on initial review.  Here, the Court has determined on initial review that Petitioner's motion to vacate should be dismissed without first requiring a response from the Government.  Accordingly, Petitioner's Motion to Consider the Government's Failure to Oppose the Petitioner as an Admission of Error and to Grant the Relief Requested [Doc. 4] is without merit and will also be denied.

3

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's conviction became final on January 21, 2009, when the United States Supreme Court denied certiorari. See Clay v. United States, 537 U.S. 522, 525 (2003). The one-year limitations period then ran until January 21, 2010. Petitioner placed the instant § 2255 petition in the prison mailing system on February 7, 2013, and it was stamp-filed in this Court on February 19, 2013. See [Doc. 1 at 19]. Because Petitioner did not file the instant § 2255 petition within a year of when his conviction became final, his petition is untimely.

Petitioner contends that "[d]ue to the petitioner's inability to make a knowing, voluntary, and intelligent 'waiver' of counsel, the court never had jurisdiction to place him on trial for the charges; therefore, the petitioner is 'actually innocent' of the charges, which tolls the one-year statute of limitations set forth in the AEDPA." [Doc. 1 at 18].[2] This contention is

---
[2] Based on Petitioner's discussion of timeliness, the Court finds that the rule articulated

4

without merit.  Even if Petitioner could show that his waiver of his right to trial counsel was not intelligent or voluntary -- which he cannot -- this would not excuse him from the one-year limitations period under AEDPA.  Furthermore, an unintelligent and/or unknowing waiver of trial counsel would not render Petitioner "actually innocent" of the charges against him.  In sum, the petition is untimely and will, therefore, be dismissed.[3]

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S.

---

in Hill v. Braxton, 277 F.3d 701(4th Cir. 2002), has been satisfied. In Hill, the Fourth Circuit found that district courts are required to advise a *pro se* petitioner that his habeas motion or petition is subject to dismissal as time-barred under the AEDPA, and to give petitioner an opportunity to explain his delay before entering a sua sponte dismissal of the case.  Id. at 706.

[3] On July 15, 2013, the Court allowed a motion to amend by Petitioner to add a claim under Alleyne v. United States, No. 11-9335 (June 17, 2013).  Petitioner is not entitled to relief under Alleyne, however, as his petition is untimely under Section 2255(f)(1), and the Supreme Court has not held that Alleyne is retroactive to cases under collateral review for purposes of rendering that claim timely under Section 2255(f)(3).

473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS THEREFORE ORDERED** that the Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that the Petitioner's Motion to Consider the Government's Failure to Oppose the Petitioner as an Admission of Error and to Grant the Relief Requested [Doc. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 16, 2013

Martin Reidinger
United States District Judge