**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
**CIVIL CASE NO. 2:13-cv-00010-MR**
**[CRIMINAL CASE NO. 2:06-cr-00002-MR-1]**

| | | |
|---|---|---|
| **LEONARD O'BRIEN PARKER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Reconsider [Doc. 7].

**BACKGROUND**

On February 21, 2007, Petitioner was found guilty after a jury trial of kidnaping in the commission of a bank robbery, in violation of 18 U.S.C. § 2113(e); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 2:06-cr-00002, Doc. 88: Jury Verdict].

Judgment was entered on September 13, 2007, and Petitioner was sentenced to a total of 552 months' imprisonment. [Id., Doc. 102:

Judgment]. Petitioner appealed and on July 28, 2008, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction. The Fourth Circuit Court of Appeals mandate issued on September 29, 2008. [Id.]. Petitioner filed a petition for certiorari with the U.S. Supreme Court, which petition was denied on January 21, 2009. Parker v. United States, 555 U.S. 1147, 129 S.Ct. 1022, 173 L.Ed.2d 310 (2009).

On February 7, 2013, Petitioner filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, claiming that his Sixth Amendment right to trial counsel was violated because his waiver of his right to trial counsel was not made voluntarily or knowingly. [Doc. 1]. On August 16, 2013, the Court denied Petitioner's motion as untimely. [Doc. 5].

On September 16, 2013, Petitioner filed the pending motion to reconsider, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure.

**STANDARD OF REVIEW**

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law;

> (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

**DISCUSSION**

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In fact, Petitioner has

not even addressed the issues that served as the basis for the dismissal of his §2255 motion. For these reasons the Court will deny Petitioner's motion for reconsideration.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Reconsider [Doc. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: December 3, 2013

Martin Reidinger
United States District Judge